## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY L. BLIXSETH,<br><br>    Appellant,<br><br>v.<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC; AD HOC GROUP OF CLASS B UNIT HOLDERS; CIP SUNRISE RIDGE OWNER LLC; CIP YELLOWSTONE LENDING LLC; CROSSHARBOR CAPITAL PARTNERS, LLC; BRIAN A. GLASSER; CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH; YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>    Appellees. | Case No. 7:18-mc-00398 |

### NOTICE OF REGISTRATION OF JUDGMENT

PLEASE TAKE NOTICE that on August 30, 2018, the Judgment Creditor, Brian A. Glasser, as Successor Trustee of the Yellowstone Club Liquidating Trust, registered the attached Amended Order Re: Brian A. Glasser's and Yellowstone Club Liquidating Trust's Application for Attorneys' Fees and Non-Taxable Costs pursuant to the Order of the United States Court of Appeals for the Ninth Circuit, dated December 1, 2016, authorizing the registration of such Judgment under Section 1963 of Title 28 with the United States District Court for the Southern District of New York in the above-captioned miscellaneous proceeding.

Dated: August 30, 2018                    */s/ Kevin W. Barrett*
                                                                  Kevin W. Barrett
                                                                  Attorney for the Judgment Creditor
                                                                  BAILEY & GLASSER, LLP
                                                                  209 Capitol Street
                                                                  Charleston, WV 25301
                                                                  (304) 345-6555 (telephone)
                                                                  (304) 342-1110 (facsimile)

To:   Timothy L. Blixseth
      74-998 (220) Country Club Drive
      Palm Desert, CA  92260

      Becky S. James
      Greenberg Gross LLP
      601 Figueroa Street, 30th Floor
      Los Angeles, CA 90017

# EXHIBIT A

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY L. BLIXSETH,<br><br>        Appellant,<br><br>v.<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC; AD HOC GROUP OF CLASS B UNIT HOLDERS; CIP SUNRISE RIDGE OWNER LLC; CIP YELLOWSTONE LENDING LLC; CROSSHARBOR CAPITAL PARTNERS, LLC; BRIAN A. GLASSER; CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH; YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>        Appellees. | No. 12-35986<br><br>D.C. No. 11-CV-73-SEH<br>District of Montana,<br>Butte<br><br>A TRUE COPY 06-29-18<br>ATTEST<br>MOLLY C. DWYER<br>Clerk of Court<br>by: _Ivan Ryan_<br>Deputy Clerk<br><br>**AMENDED ORDER RE:**<br>**BRIAN A. GLASSER'S AND**<br>**YELLOWSTONE CLUB**<br>**LIQUIDATING TRUST'S**<br>**APPLICATION FOR**<br>**ATTORNEYS' FEES AND**<br>**NON-TAXABLE COSTS** |

Before: Peter L. Shaw, Appellate Commissioner

I
Background

The Appellate Commissioner filed an order awarding attorneys' fees and non-taxable costs, and Michael J. Flynn filed a motion for reconsideration of the order. Flynn's motion for reconsideration (Docket Entry No. 146) is granted in part. The order at Docket Entry No. 143 is vacated and this amended order is

substituted. In the amended order, the analysis in section II(A)(2)(b) and the resulting award have been revised.

The facts are stated in the contemporaneously filed second amended order awarding attorneys' fees and non-taxable costs to CrossHarbor Capital Partners, LLC and CIP Sunrise Ridge Owner LLC (together, "CrossHarbor"). This amended order addresses the application for attorneys' fees and non-taxable costs filed by Brian A. Glasser, Trustee, and Yellowstone Club Liquidating Trust (together, "YCLT"). Flynn, attorney for Timothy L. Blixseth, filed responses to YCLT's application, and to the applications of Yellowstone Mountain Club, LLC and CIP Yellowstone Lending LLC (together, "Yellowstone") and CrossHarbor. CrossHarbor and YCLT filed replies; Yellowstone joined in CrossHarbor's reply.

II
Analysis

A. Attorneys' Fees

1. YCLT's Request

YCLT requests attorneys' fees in the amount of $57,942 for 170.6 hours of 2013-14 work at $195 to $440 per hour by five attorneys from Mullin Hoard & Brown, LLP in Amarillo, Texas, as follows:

| Professional | Title | Admit | Year | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Steve Hoard | Partner | 1979 | 2013 | $440 | 0.5 | $ 220.00 |
| John Turner | Partner | 1989 | 2013-14 | $350 | 39.1 | $ 13,685.00 |
| Robert Bell | Partner | 1993 | 2013-14 | $350 | 117.4 | $ 41,090.00 |
| Beth Chermel | Associate | 2010 | 2013 | $220 | 11.8 | $ 2,596.00 |
| M. Alexander | Associate | 2013 | 2013 | $195 | 1.8 | $ 351.00 |
| Total |  |  |  |  | 170.6 | $ 57,942.00 |

On Ninth Circuit Form 9, YCLT states that the attorneys spent the requested hours as follows:

| Service Category | SH | JT | RB | BC | MA | Total |
|---|---|---|---|---|---|---|
| Conferences | 0.5 | 0 | 2.4 | 0 | 0 | 2.9 |
| Records | 0 | 0 | 8.0 | 5.8 | 0 | 13.8 |
| Research | 0 | 0 | 6.0 | 6.0 | 0 | 12.0 |
| Briefs | 0 | 10.0 | 51.5 | 0 | 0 | 61.5 |
| Argument | 0 | 0.8 | 27.0 | 0 | 0 | 27.8 |
| OSC Statement | 0 | 28.3 | 22.5 | 0 | 1.8 | 52.6 |
| Total Hours | 0.5 | 39.1 | 117.4 | 11.8 | 1.8 | 170.6 |

YCLT requests fees for preparing a portion of the 13,043-word joint answering brief on behalf of all appellees, and for preparing a motion to substitute Brian A. Glasser for Mark S. Kirschner as Trustee, a motion to consolidate appeals, a reply to Blixseth's opposition to the motion to consolidate, an opposition

to Blixseth's emergency motion for a stay of proceedings pending adjudication of his judicial misconduct complaint accompanied by a notice and motion for leave to file under seal, and a 12-page statement regarding Blixseth's pro se response and Blixseth's attorneys' responses to the court's order to show cause.

YCLT also requests fees for Bell's attendance at oral argument in Seattle, Washington. YCLT states that its attorneys "took great care to ensure the appropriateness of the time for which an award is being requested." YCLT does not request fees for preparing a mediation questionnaire, a notice of dismissal of an involuntary bankruptcy, or the portions of YCLT's statement regarding the order to show cause responses filed by Blixseth's attorneys who were not sanctioned.

In an accompanying declaration, Bell states that the accompanying time records "accurately reflect the tasks performed on each date and the amount of time spent by each lawyer on each task." Bell states that the services rendered and the fees and costs incurred were reasonable and necessary given the nature of the appeal and the complexity of the issues involved. Hursh states that the requested fees are reasonable and appropriate.

2. Flynn's Objections

Flynn objects to YCLT's requested attorneys' fees on a number of grounds, arguing that YCLT's fees should be denied in full. In the alternative, Flynn

requests that the court impose a $10,000 sanction against him to be divided among all appellees as they see fit.

  a. Flynn's Appearance

As Flynn did in opposing CrossHarbor's application, Flynn argues that he cannot be held liable for YCLT's fees and costs incurred before he filed a notice of appearance. Flynn objects on this ground to $28,147 in fees and costs requested by YCLT. Flynn's argument lacks merit for the reasons stated in the contemporaneously filed second amended order awarding fees and costs to CrossHarbor.

  b. YCLT's Statements Regarding Sanctions

Flynn objects to YCLT's request for 52.6 hours and $18,131 in attorneys' fees for preparing YCLT's statement regarding Blixseth's pro se response and Blixseth's attorneys' responses to the order to show cause. As Flynn did in opposing CrossHarbor's application, Flynn argues that the court may not include the expense of litigating the order to show cause in the attorney's fees and costs that the court ordered Blixseth and Flynn to pay as a sanction. Flynn's argument has partial merit, as stated in the contemporaneously filed second amended order awarding fees and costs to CrossHarbor.

YCLT has already excluded fees for preparing the portions of YCLT's statement regarding the order to show cause responses filed by Blixseth's attorneys who were not sanctioned, so the hours and fees requested here are attributable only to Blixseth's pro se response and Flynn's response. A review of Blixseth's pro se response and Flynn's response to the court's order to show cause, YCLT's statement regarding the responses, and the attorneys' time sheets reveals that it is difficult to separate the hours spent on Blixseth's pro se response from the hours spent on Flynn's response. The facts and argument in YCLT's statement regarding the responses from Blixseth and Flynn are generally addressed together.

In the circumstances, it is reasonable to allocate half of the 52.6 hours and $18,131 in attorneys' fees to the statement regarding Blixseth's pro se response, and the other half to the statement regarding Flynn's response. Accordingly, 26.3 hours and $9,065.50 in fees for preparing YCLT's statement regarding Blixseth's pro se response, which may not be awarded Federal Rule of Appellate Procedure 38, are disallowed. However, 26.3 hours and $9,065.50 in fees for preparing YCLT's statement regarding Flynn's response are awarded against Flynn alone under 28 U.S.C. § 1927.

c. Mitigation

As Flynn did in opposing CrossHarbor's application, Flynn argues that YCLT's requested attorneys' fees and costs are unreasonable, and should be denied in full or reduced to a total sanction of no more than $10,000 against Flynn to be divided among all appellees. Flynn argues that YCLT should have mitigated its fees and costs by filing a motion for sanctions during the bankruptcy court, district court, or court of appeals proceedings, or a motion for summary disposition during the court of appeals proceedings, before this court issued its opinion and sua sponte order requiring Blixseth and his attorneys to show cause why they should not be sanctioned. Flynn also argues that, if Blixseth's claims were baseless, YCLT should have mitigated its fees and costs by resisting them less vigorously. Flynn's argument lacks merit for the reasons stated in the contemporaneously filed second amended order awarding fees and costs to CrossHarbor.

d. Oral Argument

Flynn objects to YCLT's request for 27.8 hours and $9,730 in attorneys' fees, as well as $1,704.40 in travel costs, for lead partner Bell's preparation for, conferences about, and attendance at oral argument. As Flynn did in opposing CrossHarbor's application, Flynn argues that the request is unreasonable, because Bell did not present oral argument. James A. Patten, counsel for Yellowstone,

presented the oral argument on behalf of all appellees. Flynn's argument lacks merit for the reasons stated in the contemporaneously filed second amended order awarding fees and costs to CrossHarbor.

### e. Adequate Documentation

Flynn argues that YCLT's requested fees are irreconcilable with YCLT's attorneys' time records, and therefore YCLT's requested fees should be denied in full. Flynn argues that "one cannot make sense of exactly what increment of time goes to which [Ninth Circuit Form 9] category" and that "instead of providing a clear indicator about what activity is deemed drafting or legal research, a subject determination into the entry is all one is left with." Flynn's argument lacks merit.

A review of YCLT's fee application and the accompanying time records shows that YCLT has satisfied the burden of adequately documenting the hours expended, and therefore denial of the fee application is not warranted on this ground. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 & n.12 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). "Plaintiff's counsel . . . is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12; *see Fischer*, 214 F.3d at 1121. YCLT provides its attorneys' computer-generated invoice containing a detailed

itemization of the tasks performed each date and the amount of time spent by each lawyer on each task, which is sufficient to meet the burden. *See* 9th Cir. R. 39-1.6.

Regarding Flynn's examples, YCLT was not required to code the attorneys' time entries to correspond to the categories in Ninth Circuit Form 9, as CrossHarbor did. YCLT's attorneys' entries stating "worked on 9th Circuit brief," without specifying whether the work was research or drafting, are adequate to allow the court to determine whether the time was reasonably expended. Moreover, Bell and Turner reasonably worked on the answering brief on the same day, and Bell reasonably spent time reviewing CrossHarbor's filing, to secure the result obtained on appeal. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986); *Moreno v. City of Sacramento*, 543 F.3d 1106, 1112, 1115 (9th Cir. 2008); *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

### f. Duplication Of Effort

Flynn argues that YCLT's requested fees and costs should be disallowed or reduced by $19,996 because of duplication of effort. As Flynn did in opposing CrossHarbor's application, Flynn argues that YCLT and the other appellees filed a joint answering brief, but filed separate, duplicative applications for fees and costs. Flynn argues that appellees' joint briefing caused duplication of effort and

excessive, duplicative billing for emails, telephone conferences, and brief review. Flynn's argument lacks merit. For the most part, Flynn's argument is addressed in the contemporaneously filed second amended order awarding fees and costs to CrossHarbor. The portions of the argument that are particular to YCLT are discussed below.

YCLT's fee application reasonably reflects YCLT's role in preparing the joint answering brief, and does not duplicate the other appellees' fee applications. A review of YCLT's attorneys' time records and YCLT's and the other appellees' fee applications, as well as Flynn's examples of allegedly duplicative work in a spreadsheet accompanying his response to the fee application, reveals no unnecessary or unjustified duplication of effort on appeal. Bell and Turner, who had extensive knowledge about this case and related matters, were the primary attorneys for YCLT. As YCLT states, the coordination of effort among the attorneys familiar with the case and the attorneys performing the briefing "necessarily required those attorneys to review each other's work and to provide information and input with respect to matters in which they had participated over that period of some seven years."

Specifically, Flynn objects to YCLT's request for 90.2 hours and $30,081 in fees for interviews and conferences, obtaining and reviewing records, legal

research, and preparing briefs. Yet a review shows that YCLT's attorneys reasonably expended these hours to protect YCLT's interests and secure the result obtained on appeal. *Id*. In particular, lead partner Bell reasonably expended 51.5 hours and Turner reasonably expended 10 hours in connection with preparing the joint answering brief, although CrossHarbor's attorneys also spent 91 hours preparing the joint answering brief.

### g. Hourly Rates

#### i. Evidentiary Burden Satisfied

Flynn argues that YCLT's requested fees should be denied in full because YCLT has not met "the burden . . . to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 196 n.11 (1984). Flynn's argument lacks merit.

*Blum* does not mandate denying YCLT's requested fees. YCLT has met its evidentiary burden by providing Bell's declaration, which cites a previous Ninth Circuit fee award, to support the requested hourly rates of $195 for associate Alexander, who had less than one year of experience; $220 for associate Chermel, who had three years for experience; $350 for partners Bell and Turner, who had 20

and 24 years of experience, respectively; and $440 for partner Hoard, who had 34 years of experience.

Bell states that "[t]he hourly rates . . . charged . . . are the hourly rates which Mullin Hoard & Brown regularly charges to its clients and for which it is regularly paid." Bell states that "[b]ased on the national practice of the Firm, I am aware of the rates charged by attorneys both in the geographic region where Mullin Hoard & Brown is located [Amarillo, Texas] and by attorneys in large national firms who are often on the opposite side of complex commercial cases in which Mullin Hoard & Brown has been retained. . . . Mullin Hoard & Brown's billing rates are comparable to the law firms in its geographic region and are typically lower than the rates charged by large private firms in national commercial litigation and bankruptcy cases and appeals in the United States."

Bell's declaration also cites *Taleff v. Southwest Airlines Co.*, No. 11-16173 (9th Cir. Mar. 21, 2013) (Order), where this court awarded in an antitrust case hourly rates of $207 for a paralegal and $486 to $986 for attorneys with 3 to 27 years of experience from the Washington, D.C. and Palo Alto, California offices of Skadden, Slate, Meagher & Flom LLP.

Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 13 of 17

### ii. Reasonable Hourly Rates

Flynn argues that YCLT's requested $350 and $440 hourly rates for the Mullin Hoard & Brown partners are unreasonable and should be reduced to $250, the hourly rate of Yellowstone's Montana attorney Patten, who had 35 years of experience. (Flynn does not object to the $195 and $220 hourly rates requested for the Mullins Hoard & Brown associates.) Flynn argues that "[t]he relevant community is generally defined as 'the forum in which the district court sits,'" and that in this case the relevant community is Montana, citing *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009). Flynn's argument lacks merit. For the most part, Flynn's argument is addressed in the contemporaneously filed second amended order awarding fees and costs to CrossHarbor. The portions of the argument particular to YCLT are discussed below.

YCLT's attorneys' offices are in Amarillo, Texas. The parties' electronic filings were submitted to the court of appeals in San Francisco, California. The attorneys traveled to Seattle, Washington for oral argument. Thus, the relevant community for YCLT's attorneys work in this appeal is a national one, as YCLT contends. This approach results in an award of fees commensurate with those

which YCLT's attorneys could obtain by taking other cases. *See Camacho*, 523 F.3d at 981.

Therefore, the award in *Taleff* of hourly rates of $207 for a paralegal and $486 to $986 for attorneys with 3 to 27 years of experience from the Washington, D.C. and Palo Alto, California offices of Skadden, Slate, Meagher & Flom LLP supports awarding YCLT's requested partner rates, which are lower than the hourly rates awarded in *Taleff*. Also, "[t]hat a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). Flynn does not provide rebuttal evidence to show that YCLT's requested hourly rates for the partners are not in line with prevailing market rates in the national community, arguing only that the relevant community is Montana. *See Camacho*, 523 F.3d at 980. YCLT's requested hourly rates are awarded.

h. Fees Available For Matters Other Than Briefing

As Flynn did in opposing CrossHarbor's application, Flynn argues that the court ordered him to show cause based on the appellate briefing, and that the court imposed sanctions based on the appellate briefing. Therefore, Flynn argues, he cannot be required to pay YCLT's attorneys' fees for matters other than the

appellate briefing, specifically, for opposing Blixseth's emergency motion to stay proceedings pending adjudication of his judicial misconduct complaint and for YCLT's statement regarding Blixseth's pro se response and Blixseth's attorneys' responses to the order to show cause. Flynn also argues that he cannot be required to pay fees based on conduct unrelated to the briefing, specifically, for his conduct at oral argument and for lack of candor to the court. Flynn's argument lacks merit for the reasons stated in the contemporaneously filed second amended order awarding fees and costs to CrossHarbor.

    3. Reasonable Attorneys' Fees

In section II(A)(2)(b), 26.3 hours and $9,065.50 in fees were disallowed for preparing YCLT's statement regarding Blixseth's pro se response. YCLT's remaining 144.3 hours and $48,876.50 in fees were reasonably expended, and they are awarded.

B. Non-Taxable Costs

    YCLT requests the award of non-taxable costs in the amount of $2,220.81 for airfare, hotel, cab fare, meals, and airport parking expenses in connection with oral argument. Flynn presents the same arguments against awarding YCLT's non-taxable costs that have been discussed above with respect to awarding YCLT's

attorneys' fees. In particular, YCLT does not request any costs attributable to YCLT's statement regarding Blixseth's pro se response to the order to show cause. YCLT's requested non-taxable costs are reasonable, and they are awarded. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579-82 (9th Cir. 2010).

C. Liability

Attorneys' fees and non-taxable costs in the amount of $42,031.81 are awarded jointly and severally against Blixseth and Flynn under Rule 38 and § 1927. *See Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1407 n.8 (9th Cir. 1985); *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1138 (1984); *McConnell v. Critchlow*, 661 F.2d 116, 118-19 (9th Cir. 1981). Attorneys' fees in the amount of $9,065.50 are awarded against Flynn under § 1927.

III
Conclusion

Flynn's motion for reconsideration (Docket Entry No. 146) is granted in part. The order at Docket Entry No. 143 is vacated and this amended order is substituted.

Pursuant to the court's order at Docket Entry No. 106, attorneys' fees and non-taxable costs in the amount of $42,031.81 are awarded under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 in favor of Brian A. Glasser,

Trustee, and Yellowstone Club Liquidating Trust and jointly and severally against Timothy L. Blixseth and Michael J. Flynn. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1008-09 (9th Cir. 2015).

Pursuant to the court's order at Docket Entry No. 106, attorneys' fees in the amount of $9,065.50 are awarded under 28 U.S.C. § 1927 in favor of Brian A. Glasser, Trustee, and Yellowstone Club Liquidating Trust and against Michael J. Flynn. *Id.*

This amended order amends the court's mandate.